IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:16cr2 |
| ) | |
| KEITH D. THREAT, ) | |
| ) | |
| Defendant. ) | |

POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and V. Kathleen Dougherty, Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guidelines range to be a term of 135 to 168 months incarceration, based upon an Offense Level Total of 31 and a Criminal History Category of III. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and has conferred with defense counsel and the United States Probation Officer assigned to this matter, and has confirmed that there are no outstanding objections to the PSR. The United States respectfully submits that an advisory guidelines range of 121 to 151 months more accurately captures Mr. Threat's offense of conviction and history and characteristics as a defendant, and that a sentence at or near the bottom of that range would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

## I. Background

On January 6, 2016, Mr. Threat and four co-defendants were named in a twelve-count indictment charging them with various crimes stemming from their involvement in a commercial sex trafficking ring in the fall of 2015. Mr. Threat was named in seven counts relating to his role in this conspiracy to engage in sex trafficking of a child. The grand jury returned a superseding indictment against Mr. Threat and three remaining co-defendants on March 9, 2016, this time charging the defendant with conspiracy to engage in sex trafficking of a child, in violation of 18 U.S.C. § 1594(c) (Count One), four counts of sex trafficking of a child, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c) (Counts Two through Five), and one count of using facilities of interstate commerce to promote prostitution, in violation of 18 U.S.C. § 1952 (Count Seven). The superseding indictment also contained a forfeiture count.

On May 3, 2016, Mr. Threat appeared before the Court and pleaded guilty to Count One of the superseding indictment. The Court accepted the defendant's plea, found him guilty of the offense, and continued the case pending the completion of a PSR. The matter is set for sentencing on September 16, 2016.

## II. Motions

### A. Motion for Acceptance of Responsibility.

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b), to grant an additional one-level reduction in the defendant's offense level for acceptance of responsibility. The defendant assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby allowing the government to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

      B.      <u>Mr. Threat's Criminal History Category Should More Appropriately Be Category II.</u>

Mr. Threat's properly-calculated Criminal History Category (III) over-represents the seriousness of his criminal history and the likelihood that he will commit other crimes. <u>See</u> U.S.S.G. § 4A1.3(b)(1). As an adult,[1] he has been convicted of three relatively minor crimes. PSR ¶¶ 45-47. Due in large part to Mr. Threat's refusal to take his court-ordered supervision seriously, however, these convictions have resulted in a total of five Criminal History points.

First, in January 2013, then 18-year old Mr. Threat was convicted of underage possession of alcohol and initially received a deferred adjudication and first offender status. <u>Id.</u> ¶ 45. His adjustment to supervision on this conviction was extremely poor: he failed to report for a substance abuse assessment, failed to complete substance abuse education, used marijuana on supervision, and missed appointments with his supervising officer. <u>Id.</u> After his conviction in December 2013 for failure to appear (which netted him one Criminal History point), his first offender status was revoked, and he was sentenced to 30 days incarceration, all suspended upon 2 years of good behavior. <u>Id.</u> ¶ 46. This change from first offender status resulted in Mr. Threat receiving Criminal History point for this very minor conviction. Finally, in September 2015, he was convicted *in absentia*, of assault and battery, and received a fine without any incarceration. <u>Id.</u> ¶ 47. This conviction (which garnered another Criminal History point) triggered a revocation of his probation on his underage possession of alcohol conviction, as well as the imposition of another 24 months of probation. <u>Id.</u> ¶ 45. Because Mr. Threat participated in this sex trafficking conspiracy while on this new term of probation, he received an additional two Criminal History points. <u>Id.</u> ¶ 49.

---

[1] Mr. Threat was also convicted of two crimes as a teenager. These convictions, however, do not factor into the calculation of his Criminal History Category.

Simply put, the effects of Mr. Threat's failure to comply with the terms of his first offender status on an underage drinking conviction incurred when he was 18 years old were considerably compounded by his two subsequent convictions for relatively minor offenses. In light of his young age, his wholesale failure to follow court orders likely reflects a youthful stubbornness, rather than a significant risk he will commit new crimes. The United States does not wish to downplay the seriousness of the defendant's criminal past, but submits that, when taken as a whole, his convictions do not warrant his placement in Criminal History Category III. The United States submits that Category II more accurately captures his criminal history, and moves the Court to reduce his Criminal History Category accordingly.

If sustained, Mr. Threat's advisory guidelines range would be a term of 121 to 151 months.

### III.    Position on Sentencing and Argument

A sentence at or near the bottom of Mr. Threat's proposed revised advisory guidelines range is appropriate in light of the Section 3553(a) factors.

####     A.    Nature and Circumstances of the Offense.

Mere days after being released from jail in September 2015, Mr. Threat found himself staying in a hotel room in Virginia Beach with his cousin, Darryl Threat, and some friends. Over the next two weeks, in exchange for a place to stay, food, and a group to party with, the defendant assisted Darryl Threat, Cordario Uzzle, and several other Bloods gang members or affiliates in their efforts to prostitute two teenaged girls. He accompanied Darryl to pick up Jane Doe 1 – a sixteen year old girl and foster care runaway – and bring her to a Virginia Beach hotel room where she was introduced to Jane Doe 2 – a seventeen year old girl who had been working as a prostitute for Darryl Threat and others for some time. The defendant watched as his cousin

4

directed Jane Doe 1 to watch Jane Doe 2 take three prostitution appointments that very first night, and he was present when Jane Doe 1 began "working for" the group of which the defendant ultimately became an important part.

The defendant's main job in this sex trafficking conspiracy was to rent rooms for the girls to take appointments in, using money that had been earned through their prostitution. He was able to help the conspiracy in this way because he was one of few in the group that had the identification required to rent these rooms. The defendant's involvement was not limited simply to filling out hotel paperwork, however: he also collected money from the girls at the end of their appointments and traveled with Jane Doe 1 when she took "outcall" appointments at locations other than the hotel rooms. Additionally, he often waited outside the rooms where the girls were taking "in-call" appointments in order to monitor them, and also provide a measure of security. In short, while he did not directly arrange prostitution appointments for the teens, he still played an essential, supporting part in this conspiracy's efforts. Because Mr. Threat bore minimal (if any) decision-making authority, and had little discretion, his offense level has properly been reduced by two levels to reflect his comparatively minor role. PSR ¶ 17.

Despite being on probation and having just days earlier walked out of jail, the defendant did not voluntarily stop his involvement in this sex trafficking ring, nor report their activities to his probation officer. Instead, he was arrested in October 2015 when Virginia Beach Police detectives – after having encountered Jane Doe 1 in the hospital receiving treatment for injuries at the hands of one of Mr. Threat's co-defendants – conducted an operation to take down the entire group. The rapidity with which Mr. Threat returned to criminal activity after his release from jail, the critical part he played in securing rooms for the conspiracy's use, and his other

forms of assistance to the conspiracy's prostitution of these two girls weigh in favor of a sentence within the advisory guidelines range of 121 to 151 months of incarceration.

      B.      <u>History and Characteristics of Mr. Threat.</u>

Mr. Threat is a physically healthy 22 year old man, with a considerable marijuana addiction and very little in the way of education or vocational skills to enable him to get his life back on track after his several criminal convictions. He was raised by his maternal grandmother in Chesapeake, Virginia, and given a stable, supportive environment that proved in direct contrast to his mother's turbulent and violent home. From the age of three, Mr. Threat's grandmother provided him a middle-income upbringing where she tried to "instill the idea of right and wrong in him and took him to church." PSR ¶ 61. Despite her efforts, however, the defendant had terrible behavior issues at school (including once assaulting a teacher) and wound up being court-ordered to attend school. His school absences became such a recurrent problem that he was arrested, returned to court several times, and sentenced to periods of detention for his attendance issues. Unsurprisingly, he did not graduate from high school and has worked only sporadically as an adult. Because he has not yet obtained his GED or had any formal education for several years, it would behoove him to be directed to finish his education and learn a vocational skill.

Mr. Threat seems to have spent most of his time since age 17 smoking marijuana. He is a self-proclaimed marijuana addict, a characterization the United States does not dispute, and one that has compounded his criminal past, as it has resulted in revocation of his probation. Despite his recognition of his addiction, however, he has taken no steps to get help and – when provided occasions for substance abuse treatment in the past – has thumbed his nose at the opportunities. <u>Id.</u> ¶¶ 45, 70. He would be a strong candidate for substance abuse treatment while in prison, and

6

the United States submits that such treatment is an essential component of the sentence the court should fashion.

As outlined exhaustively above, see supra II(B), the defendant's criminal history consists of three convictions and a litany of missteps while on supervised probation. His inability or unwillingness to abide by the terms of his court-ordered supervision, failure to appear as directed, and quick return to criminal activity upon his release from jail in September 2015 are concerning to the United States and weigh in favor of a sentence within the guidelines range.

C. Additional Factors to be Considered Under 18 U.S.C. § 3553(a).

As outlined above, the United States submits that Mr. Threat's advisory guidelines range should be 121 to 151 months. Congress has deemed the defendant's offense so serious that he is facing a maximum term of Life imprisonment. Because neither Jane Doe 1 or 2 has requested any restitution for any expenses, there is no restitution due to the identified victims of his offense. At sentencing, the United States will present to the Court for entry a Consent Order of Forfeiture whereby the defendant – in keeping with his responsibilities under his plea agreement with the government – agrees to forfeit his interest in certain electronic media involved in his offense of conviction.

While each factor under 18 U.S.C. § 3553(a) must be considered in fashioning an appropriate sentence, the United States would highlight the need for this sentence to reflect the seriousness of his offense and to provide just punishment for it, both of which goals would be satisfied by a sentence within the range of 121 to 151 months incarceration. Such a sentence would also serve to promote Mr. Threat's respect for the law – particularly given his repeated trips through the criminal justice system – and provide a deterrent effect to him, and to others who might choose to make money, directly or indirectly, by selling girls and women's bodies.

## IV.  Conclusion

Mere days out of jail on a probation revocation, Mr. Threat chose to help his cousin prostitute a teenaged girl, in exchange for a place to stay.  Though he did not play as direct or egregious as role as his fellow Bloods members/associates, his was an essential part in this sex trafficking operation.  His offense is a serious one for which a sentence at the lower end of an advisory guidelines range of 121 to 151 months would be sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in Title 18, United States Code, Section 3553(a).

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By:     /s/
        V. Kathleen Dougherty
        Assistant United States Attorney
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, VA 23510
        Office: 757-441-6331; Fax: 757-441-6689
        V.Kathleen.Dougherty@usdoj.gov

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 8th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to the following:

Gregory K. Matthews, Esq.
P.O. Box 5277
Portsmouth, Virginia 23703

  I HEREBY CERTIFY that on this 8th day of September, 2016, I mailed a true and correct copy of the foregoing to the following:

Jason D. Cole
Senior U.S. Probation Officer
600 Granby Street, Suite 200
Norfolk, Virginia 23510

                /s/
                V. Kathleen Dougherty
                Assistant United States Attorney
                United States Attorney's Office
                101 West Main Street, Suite 8000
                Norfolk, VA 23510
                Office Number: 757-441-6331
                Facsimile Number: 757-441-6689
                V.Kathleen.Dougherty@usdoj.gov